IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TEOFILO IBANEZ DE DIOS,**

        Plaintiff,

v.

**SIRI AND SONS FARMS, INC.,**

        Defendant.

_____

Case No. 6:20-cv-01026-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff Teofilo Ibanez de Dios filed an employment discrimination and retaliation action against Defendant Siri and Sons Farms Inc., on June 25, 2020. Pl.'s Compl., ECF No. 1. In his Complaint, Plaintiff alleged that Defendant violated (1) the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA") under 29 U.S.C. § 1831(e), (2) ORS 659A.199 for discrimination based on protected whistleblowing, and (3) ORS 652.355 for discrimination based on Plaintiff's wage claim. Pl.'s Compl. ¶¶ 53-64. After a three-day trial, a jury returned a verdict in favor of Defendant on all claims. ECF No. 72. Defendant now moves for $197,251.00 in attorney fees and $3,430.81 in costs pursuant to Fed. R. Civ. P. 54 and ORS 659A.855. Def.'s Mot. 1, ECF No. 78. Plaintiff contends that Defendant's requested award is unreasonable. Pl.'s Obj. Def.'s Mot. 1, ECF No. 80. The Court agrees in part.

## DISCUSSION

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. v. West Virginia*

*D.H.H.R.*, 532 U.S. 598, 602 (2001). The general practice is not to award fees to a prevailing party "absent explicit statutory authority." *Id.* at 602 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)).

Under ORS 659A.855(1), "the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." While Defendant concedes that Oregon courts typically decline to award attorney's fees under ORS 659A.885(1) to prevailing defendant-employers, Defendant argues it is entitled to attorney fees because Plaintiff's claims were "unfounded and objectively unreasonable." Def.'s Mot. 3; *See, Hamlin v. Hampton Lumber Mills, Inc.*, 205 P.3d 70, 72 (Or. Ct. App. 2009) (while prevailing plaintiffs are entitled to recover fees, "prevailing *defendants* generally cannot recover attorney fees unless they can show that the plaintiff brought a claim in bad faith or asserted a frivolous, unfounded, or objectively unreasonable claim.").

Although Plaintiff's claims proved unsuccessful at trial, it does not follow that his claims were frivolous. *McCarthy v. Or. Freeze Dry, Inc*. 334 Or. 77, 84 (2002) (citing *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978) ("the trial court should not conclude, from the fact that the plaintiff did not prevail, that the plaintiff had filed or continued the litigation frivolously, unreasonably, or without foundation."). Because Plaintiff's claims survived a directed verdict and went before a jury, the Court concludes that Plaintiff's claims were not frivolous, unfounded, or objectively unreasonable. Awarding Defendant the full cost of attorney fees simply because Plaintiff's claims proved unsuccessful would have a chilling effect on similarly situated employees wishing to assert their statutory rights. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1249 (9th Cir. 2014) (declining to impose costs on Plaintiff with limited financial resources because "even modest costs can discourage potential plaintiffs

who, like Escriba, earn low wages."). For these reasons, Defendant is not entitled to attorney fees.

Moreover, Defendant requests $3,430.81 in costs pursuant to Rule 54(d)(1), or in the alternative, $1,551.31 for costs incurred after Defendant made an offer of judgment to Plaintiff on July 15, 2022. Def.'s Mot. 7. Defendant is entitled to some court costs and fees, however, because of Plaintiff's financial status as a low-income migrant worker, an award for the full amount of costs would be unduly burdensome for Plaintiff. Pl.'s Obj. Def.'s Mot. 8. The Court finds however, that Defendant's request for costs incurred after its offer of judgment to Plaintiff is appropriate.

## CONCLUSION

Defendant's Motion for attorney fees and costs, ECF No. 78, is GRANTED in part. Defendant is entitled to costs in the amount of $1,551.31.

IT IS SO ORDERED.

DATED this 8th day of November, 2022.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge